IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3294 |
| | ) | |
| MARC PARLAVECCHIO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

This cause is before the Court on a Report and Recommendation (d/e 34) and Plaintiff's Objections to the Court's Report and Recommendation (Objections) (d/e 35).

**FACTS**

On February 16, 2011, Plaintiff filed an Amended Complaint against Defendants Jim Drewes, Tammy Drewes, Daniel Osborne, and DJT Fieldhouse, Inc. (DJT). Summonses were issued and served upon the three individual Defendants, but summons was not issued as to DJT.

On June 8, 2011, the U.S. Magistrate Judge entered a text order directing Plaintiff to take action to move the case forward as to the individual Defendants who had been served, and to file a written status report by July 20, 2011 as to DJT to show cause why the case should not be dismissed as to DJT for want of prosecution. Plaintiff partially complied with that order by filing a Motion for

Entry of Default Judgment against the individual Defendants. However, Plaintiff failed to file the written status report as directed or take steps to perfect service on DJT.

In a July 21, 2011 Report and Recommendation, the Magistrate Judge recommended Plaintiff's Amended Complaint be dismissed for want of prosecution as to DJT only. On August 8, 2011, Plaintiff filed its Objections, stating that "[d]ue to a docketing error, Plaintiff believed Defendant DJT Fieldhouse, Inc. was served with the Amended Complaint and Summons, however, it was actually the original Defendant, The Field House, Inc." Plaintiff noted it had filed its Motion for Entry of Default Judgment as to the individual Defendants but never served summons on DJT due to the docketing error. According to the Objections, Plaintiff has been attempting to locate the registered agent for DJT and recently discovered that the corporation is no longer in business. Plaintiff requests the Court grant Plaintiff 7 days to issue a Summons to corporate "Defendant DJT Fieldhouse, Inc. c/o Daniel Osborne, one of its agents."

## ANALYSIS

This Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made. See 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b). Upon review of the Report and Recommendation, this Court may accept, reject, or modify the recommended disposition, receive further evidence, or recommit the matter to the magistrate judge with instructions. See 28

U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

While the Court does not condone Plaintiff's apparent inattentiveness to these proceedings, Plaintiff did take timely action to move the case along as to the individual Defendants as directed by the Magistrate Judge when Plaintiff filed its Motion for Entry of Default as to the individual Defendants. Moreover, Plaintiff has indicated it had been trying to serve DJT but only recently discovered the corporation is no longer in business.

Under these circumstances, the Court will grant Plaintiff's Objections to the Report and Recommendation and give Plaintiff leave to issue a summons "to Defendant, DJT Fieldhouse, Inc., c/o Daniel Osborne, one of its agents" within 7 days. The Court notes that this is the second recent case in which instant counsel has filed an objection to a report and recommendation that recommended dismissal for want of prosecution. See G & G Closed Circuit Events, LLC v. DJT Fieldhouse, Inc., et al., No. 3016 (C.D. Ill. (August 8, 2011)). Plaintiff's counsel is admonished that in the future he must be more attentive to the docket[1] and follow

---

[1] In both G & G Closed Circuit Events, LLC and the present case, Plaintiff's delay in prosecuting the case was blamed, at least in part, on unspecified docketing errors. However, the failure to file the status report as directed in the present case cannot be blamed on such an error. Plaintiff was able to follow the Magistrate Judge's direction in the July 8, 2011, text order to move the case along and filed a Motion for Entry of Default against the individual Defendant's. That same text order contained the Magistrate Judge's direction to file the status report by July 20, 2011, and to show cause why the case against DJT should not be dismissed for want of prosecution.

the directions of the Court.[2]

## CONCLUSION

For the reasons stated, Plaintiff's Objections (d/e 35) are GRANTED and the Report and Recommendation (d/e 34) is REJECTED. Plaintiff is given leave to serve summons on DJT's agent. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

ENTERED: August 10, 2011.

       FOR THE COURT:

                                 s/ Sue E. Myerscough
                                 SUE E. MYERSCOUGH
                             UNITED STATE DISTRICT JUDGE

---

[2] The fact Plaintiff was having trouble locating the registered agent for DJT and just discovered the corporation is no longer in business is exactly the type of information that the Magistrate Judge would have found useful had Plaintiff followed the Magistrate Judge's direction to file a status report and to show cause why the case should not be dismissed for want of prosecution as to DJT.