UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JOE HAND PROMOTIONS, INC.,    )
                              )
        Plaintiff,            )
                              )
    vs.                       ) No. 10-3294
                              )
MARC PARLAVECCHIO, et al.,    )
                              )
        Defendants.           )

## OPINION

SUE E. MYERSC0UGH, U.S. District Judge:

Plaintiff, Joe Hand Promotions, Inc., brought this action alleging that Defendants Jim Drewes, Tammy Drewes, and Daniel Osborne d/b/a and DJT Fieldhouse, Inc. d/b/a Fieldhouse Pizza & Pub, and DJT Fieldhouse, Inc. d/b/a Fieldhouse Pizza & Pub knowingly and willfully violated 47 U.S.C §§ 553 and 605 by unlawfully intercepting and exhibiting UFC 91 on November 15, 2008. Defendants Jim Drewes, Tammy Drewes, and Osborne have failed to answer the Complaint.  United States Magistrate Judge Byron Cudmore entered default against Defendants on July 13, 2011.  The matter is now before the Court on Plaintiff's Motion for Default Judgment as to Defendants Jim Drewes, Tammy Drewes, and Daniel Osborne in which Plaintiff seeks an award of damages,

attorneys fees, and costs. See d/e 33 (the "Motion").

## FACTS

Plaintiff alleges that Defendants violated §§ 553 and 605. Plaintiff cannot recover under both §§ 553 and 605 because those sections target two different types of piracy. See United States v. Norris, 88 F.3d 462, 468 (7th Cir. 1996) (holding § 553 governs the interception of cable television programming traveling over a cable network, while § 605 governs the interception of programming as it travels through the air). However, without the benefit of discovery or an admission from Defendants, Plaintiff cannot determine whether Defendants intercepted the signal via cable or satellite.

Plaintiff's Motion states that "statutory liquidated damages" for each violation of § 553 is $60,000 and for each violation of § 605 is $110,000. The Motion only requests that this Court award Plaintiff $15,000 as "statutory liquidated damages," but does not specify whether Plaintiff is requesting relief under § 553 or § 605.

## ANALYSIS

### 1. Liability

Due to Defendants' failure to answer the Complaint, Defendants are deemed to have unlawfully intercepted the program and shown it to their patrons. Joe

Hand Promotions, Inc. v. Ewer, 2009 WL 3269658, at *1 (E.D. Wis. 2009). Defendants are also deemed to have done so willfully and for the purposes of commercial advantage or private financial gain. Id. Defendants have forfeited their ability to contest their personal liability for the violation alleged by Plaintiff, as Defendants are deemed to have had the necessary supervisory control over the interception of the program and received the financial benefit of the same. Id. at *2 (citing J & J Sports Productions, Inc. v. Ribeiro, 562 F. Supp. 2d 498 (S.D. N.Y. 2008) (individual who was officer, director, shareholder, and/or principal of corporation that operated bar was liable in her individual capacity for the bar's unlawful interception and exhibition of pay-per-view boxing match, where the individual had supervisory control over interception and received a financial benefit therefrom).

**2. Damages**

Under § 553(c)(3)(A), an aggrieved party may recover: (1) their actual damages and any profits of the violator, or (2) statutory damages in a sum not less than $250 or more than $10,000. In any case in which the court finds that the violation was committed willfully and for the purpose of commercial advantage or private financial gain, the court has the discretion to increase the award of damages by an amount not more than $50,000. 47 U.S.C. § 553(c)(3)(B).

Section 605(e)(3)(C)(i) allows the aggrieved party to elect the method by which to calculate damages. A party may elect to recover: (1) actual damages suffered by him and any profits of the violator, or (2) statutory damages for each violation of § 605(a) of not less that $1,000 or more than $10,000. 47 U.S.C. § 605(e)(3)(C)(i). In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount of not more than $100,000 for each violation of § 605(a). 47 U.S.C. § 605(e)(3)(C)(ii).

By requesting $15,000 in "statutory liquidated damages," Plaintiff has elected to receive statutory damages rather than actual damages. Courts generally use one of two approaches to calculate statutory damages. One approach is to award statutory damages based on the number of patrons in the establishment at the time of the unauthorized interception. J & J Sports Productions Inc. v Ithier, 2010 WL 2490674, at *1 (E.D. Wis. 2010) The other approach is to award a flat sum based on the rate the provider charged to establishments, which varies by the maximum occupancy ranges. Id.

With regard to enhanced damages, courts consider several factors, including the following: (1) the number of violations; (2) defendant's unlawful monetary

gains; (3) plaintiff's significant actual damages; (4) whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event. J & J Sports Productions, Inc. v. Tu, 2008 WL 4833116, at *2 (N.D. Ill. 2008).

As stated, Plaintiff is entitled to default judgment due to Defendants' failure to answer the Complaint. Therefore, the only question is the amount of the damages award.

As noted above, Plaintiff cannot recover under both §§ 553 and 605. See Joe Hand Promotions, Inc. v. Kaczmar, 2008 WL 4776365, at *2 (N.D. Ill. 2008) (stating a plaintiff may not simultaneously pursue relief under both §§ 553 and 605 because they target two distinct types of piracy). In light of Defendant's default this Court finds it unnecessary to determine which section was actually violated. Joe Hand Promotions, Inc. v. Cat's Bar, Inc., 2009 WL 700125, at * 2 (C.D. Ill. 2009). Because the Complaint alleges violations of both §§ 553 and 605, Defendants are deemed to have violated one of those two sections of the statute. See id. ("a defendant in default is deemed to have admitted the factual allegations in the complaint").

However, while Plaintiff is entitled to damages, this Court will not award damages based upon an apparently arbitrary amount requested by Plaintiff. Here,

Plaintiff asks for $15,000 as "statutory liquidated damages." How Plaintiff arrived at this amount is unclear. Fifteen thousand dollars is the same amount of damages Plaintiff's counsel has requested in a motion for default judgment on behalf of another client in a similar case in which DJT Fieldhouse, Inc. and Osborne[1] are named defendants. See G & G Closed Circuit Events, LLC. v. DJT Fieldhouse, Inc., No. 11-3016, at d/e 18.

     The arbitrariness of Plaintiff's request for $15,000 in damages is demonstrated by comparing the facts of this case to counsel's other case G & G Closed Circuit Events, LLC. v. DJT Fieldhouse, Inc., No. 11-3016. The investigator in the present case estimated that over 200 people were in the establishment during the event on the night in question. The investigator in G & G Closed Circuit Events, LLC. v. DJT Fieldhouse, Inc. conducted three counts of the number of patrons inside the establishment during the event on the night in question and observed 46, 38, and 42 people during those counts. G & G Closed Circuit Events, LLC. v. DJT Fieldhouse, Inc., No. 11-3016, at d/e 18. Statutory damages awarded in this case and G & G Closed Circuit Events, LLC. v. DJT Fieldhouse, Inc., No. 11-3016, should be greatly different if the Court were to follow other courts that have awarded statutory damages based upon the number of

---

[1] In the other case, Daniel Osborne is referred to as Daniel Orsborn.

patrons in the establishment at the time of the unauthorized broadcasts.[2]  Yet, counsel has asked for the same amount of damages in each case.

Moreover, Plaintiff has offered no analysis of the factors relevant in considering how much in enhanced damages to award because of the willful nature of Defendant's actions.  While it may be that an analysis of these factors will result in a total award of $15,000 in damages, the Court will not rubber stamp such a request without proper support for that request by Plaintiff.

## CONCLUSION

THEREFORE, the Court orders Plaintiff to file a brief, with any additional affidavits or supporting evidence attached as exhibits, in which Plaintiff supports its request for damages with an analysis of the relevant factors for a damages calculation under §§ 553 or 605 by September 22, 2011.

ENTERED: September 1, 2011.

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges the investigator's affidavit contains sufficient information to calculate statutory damages if the Court were to base an award on a baseline of $55 per patron and multiply that by the number of patrons as in Kaczmar, 2008 WL 4776365, at *2, and other cases.