**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

JOE HAND PROMOTIONS, INC.,   )
                               )
         Plaintiff,         )
                               )
        vs.              ) No. 10-3294
                               )
MARC PARLAVECCHIO, et al.,   )
                               )
        Defendants.    )

## OPINION

SUE E. MYERSC0UGH, U.S. District Judge:

Plaintiff, Joe Hand Promotions, Inc., brought this action alleging that

Defendants Jim Drewes, Tammy Drewes, and Daniel Osborne d/b/a and DJT

Fieldhouse, Inc. d/b/a Fieldhouse Pizza & Pub, and DJT Fieldhouse, Inc. d/b/a

Fieldhouse Pizza & Pub knowingly and willfully violated 47 U.S.C §§ 553 and 605

by unlawfully intercepting and exhibiting UFC 91 on November 15, 2008.

Defendants Jim Drewes, Tammy Drewes, and Osborne have failed to answer the

Complaint.  United States Magistrate Judge Byron Cudmore entered default

against Defendants on July 13, 2011.  The matter is now before the Court on

Plaintiff's Motion for Default Judgment as to Defendants Jim Drewes, Tammy

Drewes, and Daniel Osborne in which Plaintiff seeks an award of damages,

attorneys fees, and costs.  <u>See</u> d/e 33 (the "Motion").

## FACTS

Plaintiff alleges that Defendants violated §§ 553 and 605.  Plaintiff cannot

recover under both §§ 553 and 605 because those sections target two different

types of piracy.  <u>See</u> <u>United States v. Norris</u>, 88 F.3d 462, 468 (7th Cir. 1996)

(holding § 553 governs the interception of cable television programming traveling

over a cable network, while § 605 governs the interception of programming as it

travels through the air).  However, without the benefit of discovery or an admission

from Defendants, Plaintiff cannot determine whether Defendants intercepted the

signal via cable or satellite.

Plaintiff's Motion states that "statutory liquidated damages" for each

violation of § 553 is $60,000 and for each violation of § 605 is $110,000.  The

Motion only requests that this Court award Plaintiff  $15,000 as "statutory

liquidated damages," but does not specify whether Plaintiff is requesting relief

under § 553 or § 605.

## ANALYSIS

### 1.  Liability

Due to Defendants' failure to answer the Complaint, Defendants  are deemed

to have unlawfully intercepted the program and shown it to their patrons.  <u>Joe</u>

Hand Promotions, Inc. v. Ewer, 2009 WL 3269658, at *1 (E.D. Wis. 2009).

Defendants are also deemed to have done so willfully and for the purposes of

commercial advantage or private financial gain.  Id.  Defendants have forfeited

their ability to contest their personal liability for the violation alleged by Plaintiff,

as Defendants are deemed to have had the necessary supervisory control over the

interception of the program and received the financial benefit of the same.  Id. at *2

(citing J & J Sports Productions, Inc. v. Ribeiro, 562 F. Supp. 2d 498 (S.D. N.Y.

2008) (individual who was officer, director, shareholder, and/or principal of

corporation that operated bar was liable in her individual capacity for the bar's

unlawful interception and exhibition of pay-per-view boxing match, where the

individual had supervisory control over interception and received a financial

benefit therefrom).

**2.  Damages**

Under § 553(c)(3)(A), an aggrieved party may recover: (1) their actual

damages and any profits of the violator, or (2) statutory damages in a sum not less

than $250 or more than $10,000.  In any case in which the court finds that the

violation was committed willfully and for the purpose of commercial advantage or

private financial gain, the court has the discretion to increase the award of damages

by an amount not more than $50,000.  47 U.S.C. § 553(c)(3)(B).

Section 605(e)(3)(C)(i) allows the aggrieved party to elect the method by which to calculate damages.  A party may elect to recover:  (1) actual damages suffered by him and any profits of the violator, or (2) statutory damages for each violation of § 605(a) of not less that $1,000 or more than $10,000.  47 U.S.C. § 605(e)(3)(C)(i).  In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount of not more than $100,000 for each violation of § 605(a).  47 U.S.C. § 605(e)(3)(C)(ii).

By requesting $15,000 in "statutory liquidated damages," Plaintiff has elected to receive statutory damages rather than actual damages.  Courts generally use one of two approaches to calculate statutory damages.  One approach is to award statutory damages based on the number of patrons in the establishment at the time of the unauthorized interception.  J & J Sports Productions Inc. v Ithier, 2010 WL 2490674, at *1 (E.D. Wis. 2010)  The other approach is to award a flat sum based on the rate the provider charged to establishments, which varies by the maximum occupancy ranges.  Id.

With regard to enhanced damages, courts consider several factors, including the following: (1) the number of violations; (2) defendant's unlawful monetary

gains; (3) plaintiff's significant actual damages; (4) whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event. J & J Sports Productions, Inc. v. Tu, 2008 WL 4833116, at *2 (N.D. Ill. 2008).

As stated, Plaintiff is entitled to default judgment due to Defendants' failure to answer the Complaint. Therefore, the only question is the amount of the damages award.

As noted above, Plaintiff cannot recover under both §§ 553 and 605. See Joe Hand Promotions, Inc. v. Kaczmar, 2008 WL 4776365, at *2 (N.D. Ill. 2008) (stating a plaintiff may not simultaneously pursue relief under both §§ 553 and 605 because they target two distinct types of piracy). In light of Defendant's default this Court finds it unnecessary to determine which section was actually violated. Joe Hand Promotions, Inc. v. Cat's Bar, Inc., 2009 WL 700125, at * 2 (C.D. Ill. 2009). Because the Complaint alleges violations of both §§ 553 and 605, Defendants are deemed to have violated one of those two sections of the statute. See id. ("a defendant in default is deemed to have admitted the factual allegations in the complaint").

However, while Plaintiff is entitled to damages, this Court will not award damages based upon an apparently arbitrary amount requested by Plaintiff. Here,

Plaintiff asks for $15,000 as "statutory liquidated damages." How Plaintiff arrived

at this amount is unclear. Fifteen thousand dollars is the same amount of damages

Plaintiff's counsel has requested in a motion for default judgment on behalf of

another client in a similar case in which DJT Fieldhouse, Inc. and Osborne[1] are

named defendants. See G & G Closed Circuit Events, LLC. v. DJT Fieldhouse,

Inc., No. 11-3016, at d/e 18.

The arbitrariness of Plaintiff's request for $15,000 in damages is

demonstrated by comparing the facts of this case to counsel's other case G & G

Closed Circuit Events, LLC. v. DJT Fieldhouse, Inc., No. 11-3016. The

investigator in the present case estimated that over 200 people were in the

establishment during the event on the night in question. The investigator in G & G

Closed Circuit Events, LLC. v. DJT Fieldhouse, Inc. conducted three counts of the

number of patrons inside the establishment during the event on the night in

question and observed 46, 38, and 42 people during those counts. G & G Closed

Circuit Events, LLC. v. DJT Fieldhouse, Inc., No. 11-3016, at d/e 18. Statutory

damages awarded in this case and G & G Closed Circuit Events, LLC. v. DJT

Fieldhouse, Inc., No. 11-3016, should be greatly different if the Court were to

follow other courts that have awarded statutory damages based upon the number of

---

[1] In the other case, Daniel Osborne is referred to as Daniel Orsborn.

patrons in the establishment at the time of the unauthorized broadcasts.[2]  Yet,

counsel has asked for the same amount of damages in each case.

Moreover, Plaintiff has offered no analysis of the factors relevant in

considering how much in enhanced damages to award because of the willful nature

of Defendant's actions.  While it may be that an analysis of these factors will result

in a total award of $15,000 in damages, the Court will not rubber stamp such a

request without proper support for that request by Plaintiff.

**CONCLUSION**

THEREFORE, the Court orders Plaintiff to file a brief, with any additional

affidavits or supporting evidence attached as exhibits, in which Plaintiff supports

its request for damages with an analysis of the relevant factors for a damages

calculation under §§ 553 or 605 by September 22, 2011.

ENTERED: September 1, 2011.

FOR THE COURT:

s/ Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges the investigator's affidavit contains sufficient information to calculate statutory damages if the Court were to base an award on a baseline of $55 per patron and multiply that by the number of patrons as in Kaczmar, 2008 WL 4776365, at *2, and other cases.