UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 10-3294 |
| | ) |
| MARC PARLAVECCHIO, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSC0UGH, U.S. District Judge:

Plaintiff, Joe Hand Promotions, Inc., brought this action alleging that Defendants Jim Drewes, Tammy Drewes, and Daniel Osborne d/b/a and DJT Fieldhouse, Inc. d/b/a Fieldhouse Pizza & Pub, and DJT Fieldhouse, Inc. d/b/a Fieldhouse Pizza & Pub knowingly and willfully violated 47 U.S.C §§ 553 and 605 by unlawfully intercepting and exhibiting UFC 91 on November 15, 2008. Defendants Jim Drewes, Tammy Drewes, and Osborne have failed to answer the Amended Complaint. United States Magistrate Judge Byron Cudmore entered default against Defendants on July 13, 2011. The matter is now before the Court on Plaintiff's Motion for Default Judgment as to Defendants Jim Drewes, Tammy Drewes, and Daniel Osborne in which Plaintiff seeks an award of damages,

attorneys fees, and costs.  See d/e 33 (the "Motion").  For the reasons that follow, the Motion will be GRANTED.

## FACTS

Plaintiff alleges that Defendants violated §§ 553 and 605.  Plaintiff cannot recover under both §§ 553 and 605 because those sections target two different types of piracy.  See United States v. Norris, 88 F.3d 462, 468 (7th Cir. 1996) (holding § 553 governs the interception of cable television programming traveling over a cable network, while § 605 governs the interception of programming as it travels through the air).  Plaintiff requests relief under § 605.

## ANALYSIS

**1. Liability**

Due to Defendants' failure to answer the Complaint, Defendants are deemed to have unlawfully intercepted the program and shown it to their patrons.  Joe Hand Promotions, Inc. v. Ewer, 2009 WL 3269658, at *1 (E.D. Wis. 2009). Defendants are also deemed to have done so willfully and for the purposes of commercial advantage or private financial gain.  Id.  Defendants have forfeited their ability to contest their personal liability for the violation alleged by Plaintiff, as Defendants are deemed to have had the necessary supervisory control over the interception of the program and received the financial benefit of the same.  Id. at *2

(citing J & J Sports Productions, Inc. v. Ribeiro, 562 F. Supp. 2d 498 (S.D. N.Y. 2008) (individual who was officer, director, shareholder, and/or principal of corporation that operated bar was liable in her individual capacity for the bar's unlawful interception and exhibition of pay-per-view boxing match, where the individual had supervisory control over interception and received a financial benefit therefrom)).

**2. Damages**

As a result of Defendants' default, they are deemed to have admitted the allegations in the Complaint and have willfully violated § 605 for the purposes of financial gain. Section 605(e)(3)(C)(i) allows the aggrieved party to elect the method by which to calculate damages. A party may elect to recover: (1) actual damages suffered by him and any profits of the violator, or (2) statutory damages for each violation of § 605(a) of not less that $1,000 or more than $10,000. 47 U.S.C. § 605(e)(3)(C)(i). In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount of not more than $100,000 for each violation of § 605(a). 47 U.S.C. § 605(e)(3)(C)(ii).

Plaintiff has elected to receive statutory damages rather than actual damages.

Courts generally use one of two approaches to calculate statutory damages. One approach is to award statutory damages based on the number of patrons in the establishment at the time of the unauthorized interception. J & J Sports Productions Inc. v Ithier, 2010 WL 2490674, at *1 (E.D. Wis. 2010)  The other approach is to award a flat sum based on the rate the provider charged to establishments, which varies by the maximum occupancy ranges.  Id.  It has been noted that "[w]hen the number of patrons at a defendant's establishment is known, most courts award damages under [Section] 605 based on the number of patrons." J & J Sports Productions, Inc. v. Aguilera, 2010 WL 2362189, at *2 (N.D. Ill. 2010) (quoting J & J Sports Production, Inc. v. Ramirez, No. 08 C 3354, Minute Order at 1-2 (N.D. Ill. Sept. 18, 2008) (citing cases and basing award on baseline of $55 per patron)).

After reviewing the affidavits and exhibits in this case, the Court concludes that an award based upon the number of patrons at the  establishment during the showing of the event is a sensible approach.[1]  Here, the investigator could not get an exact count during the event but estimated there were more than 200 people

---

[1] The investigator's affidavit stated the Field House's maximum capacity was 250 people. The rate card submitted as an exhibit attached to Plaintiff's brief on damages shows that an establishment with a maximum capacity of 250 would have paid $1,300 to show the event.  The Court notes that Plaintiff states the cost would have been $1,100.  However, Plaintiff incorrectly bases this on the estimate of the actual number of patrons that were present rather than the maximum capacity.

present at the beginning of the main event.  Therefore, $10,000 in statutory damages is appropriate.

With regard to enhanced damages, courts consider several factors, including the following: (1) the number of violations; (2) defendant's unlawful monetary gains; (3) plaintiff's significant actual damages; (4) whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event.  J & J Sports Productions, Inc. v. Tu, 2008 WL 4833116, at *2 (N.D. Ill. 2008).  "Courts also consider the deterrent effect of the award, with an eye toward imposing an award that is substantial enough to discourage future lawless conduct, but not so severe that it seriously impairs the viability of the defendant's business (at least for a first offense).  Aguilera, 2010 WL 2362189, at 3.

The record before the Court does not establish that Defendants are repeat offenders or that they charged a cover charge on the night in question.  In a somewhat similar case, a court determined that three times the cost of the plaintiff's program was an appropriate way to calculate enhanced damages.  See J & J Sports Productions, Inc. v. Ithier, 2010 WL 2490674, at *2 (E.D. Wis. 2010).  As stated, the cost of Plaintiff's program based on the maximum capacity of The Field House would have been $1,300.  Therefore, the Court concludes that triple this amount, $3,900, is appropriate and a sufficient deterrent under the

circumstances.

Finally, Plaintiff seeks $1,509 in costs and attorneys fees under § 605(e)(3)(B)(iii). This amount is reasonable and supported by affidavit.

## CONCLUSION

THEREFORE, Plaintiff's Motion (d/e 33) is GRANTED. It is ordered that judgment be entered in favor of Plaintiff and against Defendants Jim Drewes, Tammy Drewes, and Daniel Osborne in the total amount of $15,409.

ENTERED: September 27, 2011.

FOR THE COURT:

                                                              s/ Sue E. Myerscough
                                                              SUE E. MYERSCOUGH
                                                UNITED STATES DISTRICT JUDGE